## In Re Anonymous No. 40 D.B. 84

Disciplinary Board Docket No. 40 D.B. 84.

To The Honorable Chief Justice and Justices
    of the Supreme Court of Pennsylvania:
DOUGLAS, *Member,* May 17, 1985—Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania (board) hereby submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

The within petition for discipline was filed on April 25, 1984 against [ ] (respondent) with respect to two charges. The first pertains to respondent's failure to file an appeal from his. client [A]'s arbitration award for injuries she sustained in December 1976, and respondent's subsequent failure to deliver [A]'s funds to her until March 1983. Respondent also permitted [A]'s funds to be commingled with his own, and portions of his clients' funds were used to satisfy his obligation to the Internal Revenue Service. Charge II of the within petition for discipline pertains to respondent's representation of [B] in a suit against [C] Credit Company, which was settled in February 1983, and respondent's subsequent abuse of his fiduciary duties as escrow agent for the settlement funds by commingling and dissipating the funds to satisfy his personal obligations.

The petition for discipline alleged that respondent had violated the following Disciplinary Rules of the Code of Professional Responsibility with respect to the [A] matter:

(a) D.R. 1-102(A)(3), which prohibits an attorney from engaging in illegal conduct involving moral turpitude;

(b) D.R. 1-102(A)(4), which prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;

(c) D.R. 1-102(A)(6), which prohibits an attorney from engaging in other conduct which adversely reflects on fitness to practice law;

(d) D.R. 6-101(A)(3), which prohibits an attorney from neglecting a legal matter entrusted to him;

(e) D.R. 7-101(A)(1), which prohibits an attorney from intentionally failing to seek the lawful objec-

tives of a client through reasonably available means permitted by law and Disciplinary Rules;

(f) D.R. 7-101(A)(2), which prohibits an attorney from intentionally failing to carry out a contract of employment entered into with a client for professional services;

(g) D.R. 7-101(A)(3), which prohibits an attorney from intentionally prejudicing or damaging a client during the course of the professional relationship;

(h) D.R. 9-102(A), which requires that all funds of clients paid to an attorney, except for advances for costs and expenses, be kept in identifiable bank accounts in the state in which the attorney's office is located and that no funds belonging to the attorney shall be deposited therein except for funds sufficient to pay bank charges and funds belonging in part to the client and in part to the attorney;

(i) D.R. 9-102(B)(2), which requires an attorney to identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable;

(j) D.R. 9-102(B)(3), which requires an attorney to maintain complete records of all funds, securities and other properties of a client coming into the possession of the lawyer and to render appropriate accounts to the client regarding them; and

(k) D.R. 9-102(B)(4), which requires an attorney to promptly pay or deliver to a client as requested by the client funds, securities, or other properties in the lawyer's possession which the client is entitled to receive.

Additionally, the petition for discipline alleged that respondent had violated the following Disciplinary Rules of the Code of Professional Responsibility with respect to the [B] matter:

162

(a) D.R. 1-102(A)(3), which prohibits an attorney from engaging in illegal conduct involving moral turpitude;

(b) D.R. 1-102(A)(4), which prohibits an attorney from engaging in conduct involving ·dishonesty, fraud, deceit, or misrepresentation;

(c) D.R. 1-102(A)(6), which prohibits an attorney from engaging in other conduct which adversely reflects on fitness to practice law;

(d) D.R. 9-102(A), which requires that all funds of clients paid to an attorney, except for advances for costs and expenses, be kept in identifiable bank accounts in the state in which the attorney's office is located and that no funds belonging to the attorney shall be deposited therein except for funds sufficient to pay bank charges and funds belonging in part to the client and in part to the attorney;

(e) D.R. 9-102(B)(3), which requires an attorney to maintain complete records of all funds, securities and other properties of a client coming into the possession of the lawyer and to render appropriate accounts to the client regarding them; and

(f) D.R. 9-102(B)(4), which requires an attorney to promptly pay or deliver to a client as requested by the client funds, securities, or other properties in the lawyer's possession which the client is entitled to receive.

Hearing committee [   ] was assigned to hear these charges and, upon due notice to all parties, the hearing was conducted on July 12, 1984.

On November 27, 1984, hearing committee [   ] filed its report, in which it found that respondent's conduct violated D.R. 1-102(A)(4) (both cases); D.R. 1-102(A)(6) (both cases); D.R. 7-101(A)(1) ([A] case); D.R. 7-101(A)(2) ([A] case); D.R. 9-102(A) (both cases); D.R. 9-102(B)(2) ([A] case); D.R. 9-102(B)(3) (both cases); and D.R. 9-

102(B)(4) (both cases). Based on the violations found, hearing committee [ ] recommended that respondent receive a suspension for a period not to exceed three months.

Petitioner, Office of Disciplinary Counsel, filed a 26-page brief on exceptions on December 17, 1984. After adjudication by the board on January 23, 1985, the board makes the following findings of fact and conclusions of law.

## II. FINDINGS OF FACT

1. On August 3, 1981, respondent commingled $3,000 of his client, [A]'s, funds by depositing her funds in a checking account out of which respondent paid his business and personal expenses.

2. The problem created by the above was intensified on September 2, 1981 when Internal Revenue Service levied on respondent's aforesaid account for his failure to pay his 1979 income taxes.

3. To make matters worse, respondent finally paid the $3,000 to [A] in March of 1983, with monies he had misappropriated from a settlement of another of his clients, [B].

4. Respondent had [B] endorsed a $6,250 settlement check on February 16, 1983. He then issued her a $3,000 check, promised her another payment of $1,000 in a week, and proceeded to deposit the $6,250 into an account out of which he paid his business and personal expenses, and also out of which he paid the aforesaid [A] $3,000.

5. Respondent eventually paid $500 on June 14, 1983 and $350 on October 7, 1983 at which time he informed [B] that he was keeping the remaining $150 to use as costs in her "new case".

6. Respondent falsely told Disciplinary Counsel that [B] had agreed to lend him the said $1,000.

## III. CONCLUSIONS OF LAW

Respondent not only commingled funds of [A] on August 3, 1981, which were subsequently levied upon by Internal Revenue Service for respondent's failure to pay his 1979 income taxes, respondent commingled funds a second time in March of 1983, when he commingled the funds of [B] and used her funds to pay his debt to [A].

## IV. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania rejects the recommendation of hearing committee [ ] for a three-month suspension and recommends instead a period of suspension for four months. It is further recommended that respondent pay all costs of investigation and prosecution in this matter.

## ORDER

NIX, *C.J.*, And now this June 14, 1985, upon consideration of the recommendation of the Disciplinary Board, it is ordered that [Respondent] be and he is suspended from the Bar of the Commonwealth for a period of one year, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Larsen and Mr. Justice Papadakos would enter a rule to show cause why respondent should not be disbarred.